# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN J. BENNETT,

    Plaintiff,

    v.

TROOPER JAIME LOPEZ and
TROOPER GABRIEL L. PADUCK,

    Defendants.

NO. 3:17-CV-2031

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me are a Motion to Dismiss the Amended Complaint (Doc. 16) and a Motion to Strike Exhibit "B" to the Amended Complaint (Doc. 25) filed by Defendant Jaime Lopez ("Lopez"). In the Amended Complaint, Plaintiff Steven J. Bennett ("Bennett") asserts claims against Lopez and Gabriel Paduck ("Paduck"), Pennsylvania state troopers, for excessive force in violation of the Fourth and Fourteenth Amendment to the United States Constitution, as well as a supplemental state law assault claim. Bennett alleges that during a preliminary arraignment before a magisterial district judge, Lopez, without provocation, struck him in the face and placed him in a chokehold/headlock for approximately twenty-three (23) seconds. The use of force incident was captured on video (without audio) and is attached as an exhibit to the Amended Complaint. Lopez has moved to strike the video as an exhibit to the Amended Complaint on the grounds that it is highly prejudicial because it does not include audio and therefore "does not accurately depict the circumstances" he was presented prior to the use of force against Bennett. Because the motion to strike lacks any basis in law or fact, it will be denied. Additionally, Lopez seeks dismissal of Bennett's excessive force claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss will also be denied because Bennett adequately states claims for the use of excessive force in violation of his constitutional rights.

## I. Background

The facts as alleged in the Amended Complaint are as follows:

On May 12, 2017, Bennett was arrested by Tunkhannock Borough police officers and transported to the Pennsylvania State Police Barracks in Tunkhannock, where his custody was transferred to Defendants Lopez and Paduck, troopers with the Pennsylvania State Police. (*See* Doc. 15, ¶¶ 8-9, 15-16). Lopez and Paduck transported Bennett to the office of Magisterial District Judge David K. Plummer ("Judge Plummer") for a preliminary arraignment. (*See id*. at ¶ 17). Bennett was restrained with handcuffs and a waist belt. (*See id*. at ¶ 18).

During the arraignment, Bennett pushed himself slightly away from the table where he was seated. (*See id*. at ¶ 25). After Bennett had a discussion with Judge Plummer who was standing in front of the table where Bennett was seated, Bennett leaned forward in a non-aggressive manner. (*See id*. at ¶ 31). Lopez placed his hand on Bennett's shoulder and chest. (*See id*. at ¶ 34). In response, Bennett leaned back in his chair. (*See id*. at ¶ 35). Lopez then struck Bennett across the face and placed him in a headlock and/or chokehold for approximately twenty-three (23) seconds. (*See id*. at ¶¶ 36-43). During this time. Bennett did not resist or attempt to get up from his chair. (*See id*. at ¶ 44). Paduck stood by during this attack and did not make any attempt to keep Lopez from assaulting Bennett. (*See id*. at ¶¶ 46-51). After the assault was over, Lopez took off his name tag, pulled the pin off of the back of it, and placed the name tag on Bennett's midsection. (*See id*. at ¶ 53).[1]

Lopez subsequently escorted Bennett from the courtroom, at which time he grabbed Bennett's waist belt and shook him violently. (*See id*. at ¶¶ 54-55). After repeated requests to be taken to a hospital, an ambulance was called and Bennett was transported to a hospital. (*See id*. at ¶¶ 60-63). Once he was discharged from the

---

[1] These events were captured on video which is Exhibit "B" to the Amended Complaint.

2

hospital, Paduck and a Tunkhannock Borough police officer transported Bennett to the Wyoming County Prison. (*See id*. at ¶ 65).

Based on those events, the Pennsylvania State Police are believed to have opened a criminal investigation into Lopez. (*See id*. at ¶ 66). A Wyoming County detective also interviewed Judge Plummer regarding the incident, and Judge Plummer stated that he was not threatened or intimidated by Bennett's behavior. (*See id*.).

Given the foregoing, Bennett commenced this action against Lopez and Paduck, (*see* Doc. 1, *generally*), and on January 10, 2018, Bennett filed his Amended Complaint asserting claims for excessive force in violation of the Fourth and Fourteenth Amendments, as well as for state law assault. (*See* Doc. 15, *generally*). Lopez has moved to dismiss the Amended Complaint in its entirety, (*see* Doc. 16, *generally*), as well as to strike the video as an exhibit to the Amended Complaint. (*See* Doc. 25, *generally*).

## II. Discussion

**A.    Motion to Strike.**

Preliminarily, Lopez seeks to strike Exhibit "B" to the Amended Complaint, *i.e.*, the video of the use of force incident, because "the video only disc does not convey all aspects of the Defendants [sic] conduct prior to the time Defendant Lopez used minimal force with Plaintiff in the courtroom of the Magisterial District Court Judge and is highly prejudicial to the Defendant for purposes of the Motion to Dismiss." (Doc. 25, 4). Lopez similarly asserts that "the video only disc does not accurately depict the plaintiff's increasingly agitated state as his verbal tone and content were married to his physical actions." (Doc. 26, 4-5). Because of this, Lopez insists that it would be "highly prejudicial" for the video without audio to be considered in ruling on his motion to dismiss. (*Id*. at 7).[2]

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from

---

2    Lopez does not suggest that the video was altered to exclude audio.

3

a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Simmons v. Simpson House, Inc.*, 224 F. Supp. 3d 406, 421 (E.D. Pa. 2016) (quotation and citation omitted). "Relief under Rule 12(f) is generally disfavored and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Id*. (quotation and citation omitted). "Motions to strike are decided on the pleadings alone." *Keller v. Lackawanna Cnty.*, No. 15-2511, 2017 WL 3268154, at *2 (M.D. Pa. Aug. 1, 2017) (quotation and citation omitted).

    The motion to strike toes the line of frivolous. Lopez's argument is not tied at all to Rule 12(f). Lopez does not attempt to explain how a video of the use of force would be redundant, immaterial, impertinent, or scandalous, nor do I believe he could provide such an explanation given that Bennett's "claims are based on the actions that are depicted in the video." *Brooks v. Elizabeth Borough*, No. 17-8 (W.D. Pa. May 22, 2017), ECF No. 35 (denying the defendants' motion to strike video attached as an exhibit to the plaintiff's second amended complaint). Rather, Lopez appears to challenge the inclusion of the video as an exhibit to the Amended Complaint on relevancy grounds. "In proceeding on a motion to strike for relevancy, the movant must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial." *Bernard v. E. Stroudsburg Univ.*, No. 09-525, 2017 WL 4231589, at *1 (M.D. Pa. Jan. 9, 2017). Suffice it to say, video evidence of the use of force incident is highly relevant to the claims set forth in the Amended Complaint and this is true irrespective of the lack of audio accompanying the video. While Bennett's verbal statements and behavior may provide additional context and explanation for Lopez's actions, these issues can be explored during discovery and raised at a later point of these proceedings. But, for purposes of the present posture of this case and

4

reminding that Bennett is the master of his complaint, there is nothing improper about the attachment of the video only exhibit to the Amended Complaint depicting the conduct underlying Bennett's claims for relief. The motion to strike will be denied.

**B.     Motion to Dismiss.**

**1.     Legal Standard.**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

**B.     The Excessive Force Claims.**

Bennett asserts claims for excessive force under the Fourth and Fourteenth Amendments to the United States Constitution in Counts I and II of the Amended

Complaint. (*See* Doc. 15, *generally*). Bennett asserts these claims in the alternative depending on whether he was an arrestee or a pre-trial detainee at the time force was used against him. (*See* Doc. 22, 13 ("If the Court determines that Lopez's assault upon Plaintiff occurred when Plaintiff was a pre-trial detainee, the Fourteenth Amendment and its substantive due process clause would apply to this case.")).

The use of excessive force by government officials is constitutionally protected against under the Fourth, Eighth, and Fourteenth Amendments. *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The Fourth Amendment protects free citizens against the use of excessive force by law enforcement officers during the course of an arrest, investigatory stop, or other "seizure." *Id*. at 395. The Eighth Amendment prohibition against cruel and unusual punishment protects inmates from the excessive use of force by prison guards during post-conviction incarceration. *Id*. (citing *Whitley v. Albers*, 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). Finally, "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Id*. at n.10 (citing *Bell v. Wolfish*, 441 U.S. 520, 535-539, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)). In other words, once the individual becomes a pre-trial detainee, "the Due Process Clause of the Fourteenth Amendment provides continuing protection." *Bodnar v. Wagner*, No. 07-2038, 2010 WL 56097, at *6 (M.D. Pa. Jan. 5, 2010) (citing *Graham*, 490 U.S. at 388; *Donahue v. Gavin*, 280 F.3d 371, 382 (3d Cir. 2002)).

Courts in the Third Circuit have encountered difficulty in defining precisely when an individual transitions from an arrestee to a pre-trial detainee. *See, e.g.*, *United States v. Johnstone*, 107 F.3d 200, 207 (3d Cir. 1997) ("Where the seizure ends and pre-trial detention begins is a difficult question."); *Hill v. Algor*, 85 F. Supp. 2d 391, 402-04 (D.N.J. 2000) (collecting cases from various circuit courts of appeals representative of disagreement regarding when a seizure ends and pretrial detention begins). The Fourth Amendment clearly applies to government conduct during the

course of an arrest, and it continues during transportation of an arrestee to the police station. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633-34 (3d Cir.1995) (analyzing alleged excessive force used by police to transport arrestee from a police vehicle into the station under the Fourth Amendment). Once station house detention ensues, courts have evaluated factors such as the length of time in custody, whether the arrestee has been transferred out of the custody of the arresting officers, and whether the arrestee has been arraigned to determine whether an arrestee's constitutional protections derive from the Fourth or the Fourteenth Amendment. *Dull v. West Manchaster Twp. Police Dept.*, No. 07-307, 2008 WL 717836, at * 9 (M.D. Pa. Mar. 17, 2008) (citing *Stephens v. City of Butler, Ala.*, 509 F. Supp. 2d 1098, 1108-09 (S.D. Ala. 2007)).

Here, given the facts alleged in the Amended Complaint, *i.e.*, the use of force occurred after the preliminary arraignment was commenced but before it was concluded, it is not clear at present whether Bennett was an arrestee or a pre-trial detainee. *See*, *e.g.*, *Fuchs v. City of Farrell*, No. 10-998, 2011 WL 1706541, at *6 (W.D. Pa. Apr. 7, 2011) ("The majority of circuits hold that the Fourth Amendment applies until an individual arrested without a warrant appears before a neutral magistrate for arraignment or for a probable cause hearing or until the arrestee leaves the joint or sole custody of the arresting officer or officers."). As a result, which amendment will ultimately govern Bennett's excessive force claim is not obvious at present. Nevertheless, I need not resolve that issue at this time because Bennett states plausible excessive force claims under both the Fourth and Fourteenth Amendment. *See*, *e.g.*, *McLaughlin v. Cunningham*, 13-1926, 2014 WL 1225935, at *6-8 (E.D. Pa. Mar. 25, 2014) ("additional development of the facts concerning plaintiff's situation at the time of the beating (including, but not limited to, how long plaintiff had been in the police station and whether he had been before a neutral judicial officer for a bail or probable cause determination), together with additional legal argument from the parties, may assist the court with the proper resolution of the dispute concerning which

of those two amendments will ultimately govern plaintiff's excessive force claim here.").

First, to the extent that Bennett was an arrestee during the use of force incident, the Amended Complaint states a claim for a violation of the Fourth Amendment. "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004)(quoting *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999)). "A 'seizure' triggering the Fourth Amendment's protections occurs only when the government actors have, 'by means of physical force or show of authority . . . in some way restrained the liberty of a citizen.'" *Graham*, 490 U.S. at 395 n. 10, 109 S. Ct. 1865 (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)). In order to assess whether the force at issue was excessive, the "court must determine the objective 'reasonableness' of the challenged conduct, considering 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Couden v. Duffy*, 446 F.3d 483, 496-97 (3d Cir. 2006) (quoting *Carswell v. Borough of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004) (quoting *Graham*, 490 U.S. at 396)). Courts also consider "'the duration of the [officer's] action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.'" *Id*. (quoting *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997)).

Strangely, although Lopez acknowledges that Bennett alleges that he was not free to leave, he was handcuffed, and he was in Defendants' custody while before Judge Plummer, Lopez nonetheless argues that Bennett was not "seized" at the moment force was used against him. (*See* Doc. 17, 12). This is wrong. *See Hamilton v. Kindred*, 845 F.d 659, 662 (5th Cir. 2017) ("The Plaintiffs were clearly seized when they were placed in handcuffs and escorted to the patrol cars."); *Ball v. Township of*

8

*Silver Spring*, 833 F. Supp. 2d 415, 419 (M.D. Pa. 2011) ("there is no question that Mr. Ball and LMB were seized when Silver Spring Township police placed handcuffs on them and held them in separate patrol cars."); *Valdetarro v. Vollrath*, No. 02-2870, 2002 WL 32107615, at *2 (E.D. Pa. Dec. 24, 2002) ("In the present case, plaintiff was unquestionably seized the moment he was placed in handcuffs by the township police officers."). Further, as stated, Bennett alleges that while he was seated in a proceeding before a magisterial district judge, Lopez attacked him without provocation, including slapping him in the face and placing him in a chokehold/headlock for over twenty (20) seconds. These allegations - even without the video of the incident attached to the Amended Complaint - state a claim for the use of objectively unreasonable force by Lopez. The Fourth Amendment excessive force claim will not be dismissed.

Second, even if Bennett's claim is properly analyzed under the Fourteenth Amendment, he states a claim for relief that is plausible on its face. A pretrial detainee asserting an excessive use of force claim need only show that the force purposely, knowingly, or possibly recklessly used against him was objectively unreasonable. *Kingsley v. Hendrickson*, - - - U.S. - - -, 135 S. Ct. 2466, 2472, 192 L. Ed. 2d 416 (2015). To determine the reasonableness of the force used, a court is to consider the following non-exclusive list of factors: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made to temper or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the defendant and (6) whether the plaintiff was activity resisting. *See id*. at 2473.

On the present motion, the facts as alleged in the Amended Complaint as buttressed by the video attached thereto considered in the context of the non-exhaustive *Kingsley* factors indicate that Lopez's use of force was objectively unreasonable. Bennett will thus be permitted to proceed with his excessive force claim in violation of the Due Process Clause of the Fourteenth Amendment.

    **C.**    **Punitive Damages.**

Lopez also seeks dismissal of Bennett's demand for punitive damages. (*See* Doc. 17, 14-17). According to Lopez, no facts are alleged that he acted with reckless indifference to Bennett's rights and that Bennett "asks the Court to infer[ ] that the slap was more than it was." (*Id*.). Lopez's position is baseless.

"[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). Whether an award of punitive damages is warranted involves "a fact-intensive issue inappropriate for resolution at the motion to dismiss stage, where no factual record has yet been developed." *Miller v. Helm*, No. 17-1590, 2017 WL 6405738, at *7 (M.D. Pa. Dec. 15, 2017). Indeed, "this Court has consistently held that it is premature to dismiss demands for punitive damages prior to discovery." *Campbell v. Balon*, No. 16-779, 2017 WL 2880856, at *19 (M.D. Pa. July 6, 2017); *Bobrick Washroom Equip., Inc. v. Scranton Prods., Inc.*, No. 14-853, 2017 WL 2126320, at *11 n.15 (M.D. Pa. May 16, 2017).

Lopez's challenge to the demand for punitive damages fails. The allegations in the Amended Complaint coupled with the video of the use of force incident display Lopez open hand slapping Bennett across the face while he was seated before proceeding to place Bennett in a headlock for more than twenty (20) seconds. Thereafter, as an apparent sign of his position of authority, Lopez removed his name tag from his shirt and placed it on Bennett's stomach. These facts adequately outline, at a bare minimum, a reckless indifference to Bennett's constitutional rights. The demand for punitive damages will not be dismissed.

**D. Supplemental State Law Claim.**

Lastly, Lopez moves to dismiss Bennett's state law assault claim in Count III of the Amended Complaint on the grounds that all of the federal law claims fail as a matter of law and supplemental jurisdiction over the state law claim should therefore

be declined pursuant to 28 U.S.C. § 1367(c)(3). Because Bennett's excessive force claims under the Fourth and Fourteenth Amendment will not be dismissed, I will retain jurisdiction over the state law claim pursuant to § 1367(a).

### III. Conclusion

For the above stated reasons, Lopez's motion to dismiss will be denied in its entirety. Lopez's motion to strike will be denied as well.

An appropriate order follows.

March 13, 2018 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge