IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN J. BENNETT, | : | |
| | : | |
| Plaintiff, | : | NO. 3-17-CV-2031 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| TROOPER JAIME LOPEZ and | : | (Electronically Filed) |
| TROOPER GABRIEL L. PADUCK, | : | |
| | : | |
| Defendants | : | |

## DEFENDANT, TROOPER GABRIEL L. PADUCK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMITATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure, Defendant Trooper Gabriel L Paduck answers the Plaintiff's First Amended Complaint and Affirmative Defenses as follows:

### FIRST DEFENSE

The numbered allegations of the Complaint are answered as follows:

**I.  INTRODUCTION**

1. Admitted in part and denied in part. It is admitted the matter is styled as alleged. It is denied any violations of federal or Pennsylvania law occurred.

**II.  JURISDICTION AND VENUE**

2. The above paragraphs are incorporated herein by reference.

3. Admitted.

4. Admitted.

5. Admitted.

### III. THE PARTIES

6. The above paragraphs are incorporated herein by reference.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Admitted.

12. Admitted.

13. Denied.

### IV. STATEMENT OF CLAIM

14. The above paragraphs are incorporated herein by reference.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Admitted.

20. Admitted.

21. Denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

47. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

48. Denied.

49. Denied.

50. Admitted.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Admitted.

57. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

58. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

59. Admitted.

60. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

61. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

62. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted in part / Denied in part. It is admitted that the incident was captured on video. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph, which are therefore denied.

68. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

69. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

70. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

**COUNT I**

71. Answering Defendant repeats the averments of paragraphs 1 through 70 of this Answer and incorporates same as though fully set forth at length herein.

72. Admitted.

73. Admitted.

74. Denied.

75. Denied.

76. Admitted.

77. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

78. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. This paragraph constitutes a conclusion of law to which requires no response. If an answer to this paragraph is needed, same is denied.

91. This paragraph constitutes a conclusion of law to which requires no response. If an answer to this paragraph is needed, same is denied.

92. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

93. Denied.

**WHEREFORE**, Defendant, Trooper Gabriel L. Paduck, respectfully requests that judgment be entered in his favor and against the Plaintiff on all claims asserted as well as an award of attorney's fees and costs.

**Count II**

94. Answering Defendant repeats the averments of paragraphs 1 through 93 of this Answer and incorporates same as though fully set forth at length herein.

95. Denied.

96. Denied.

97. Denied.

98. Admitted.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. This paragraph constitutes a conclusion of law to which requires no response. If an answer to this paragraph is needed, same is denied.

112. Denied.

113. Denied.

114. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

*WHEREFORE*, Defendant, Trooper Gabriel L. Paduck, respectfully requests that judgment be entered in his favor and against the Plaintiff on all claims asserted as well as an award of attorney's fees and costs.

**COUNT III**

115. Answering Defendant repeats the averments of paragraphs 1 through 114 of this Answer and incorporates same as though fully set forth at length herein.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. After reasonable investigation, Defendant Paduck is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

*WHEREFORE*, Defendant, Trooper Gabriel L. Paduck, respectfully requests that judgment be entered in his favor and against the Plaintiff on all claims asserted as well as an award of attorney's fees and costs.

## V. DEMAND FOR JURY TRIAL

126. Answering Defendant repeats the averments of paragraphs 1 through 125 of this Answer and incorporates same as though fully set forth at length herein.

127. Admitted.

*WHEREFORE*, Defendant, Trooper Gabriel L. Paduck, respectfully requests that judgment be entered in his favor and against the Plaintiff on all claims asserted as well as an award of attorney's fees and costs.

### SECOND DEFENSE

Plaintiff's Complaint, in whole or part, fails to state a claim against Defendant, Paduck, upon which relief can be granted.

### THIRD DEFENSE

At no time have Defendant, Paduck, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

## FOURTH DEFENSE

At all material times, Defendant, Paduck, acted with a reasonable good-faith belief in the lawfulness of their actions and are entitled to immunity from damages therefor.

## FIFTH DEFENSE

At all times relevant to this action, Defendant, Paduck, acted in good faith and without malice.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## SEVENTH DEFENSE

Defendant, Paduck, are immune from any state law claims by virtue of sovereign and statutory immunity under Pennsylvania law.

## EIGHTH DEFENSE

The actions of Defendant, Paduck, were privileged or justified under state law.

## NINTH DEFENSE

Any harm occurring to Plaintiff, which harm is expressly denied, was the proximate result of actions or inactions of a person or persons other than Defendant, Paduck.

## TENTH DEFENSE

Plaintiff is entitled to no relief from Defendant, Paduck.

## ELEVENTH DEFENSE

The Complaint makes claims for damages, some or all of which are not or may not be legally cognizable or compensable under the laws of the Commonwealth of Pennsylvania.

## TWELFTH DEFENSE

If Plaintiff suffered the damages and losses as described in the complaint, which is specifically denied, they were or may have been caused or contributed to by conditions, factors, persons and/or entities over which Defendants Wysocki and Hagan had no control and for which Defendants Wysocki and Hagan are not responsible.

## THIRTEENTH DEFENSE

Plaintiff cannot demonstrate a legally culpable act and/or omission of Defendant, Paduck, which were a substantial factor in bringing about the claimed damages.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims are barred based on lack of personal involvement of the Defendant, Paduck.

## **FIFTEENTH DEFENSE**

There was no violation of the Plaintiff's civil rights such that there was a need for another law enforcement officer to intercede.

***WHEREFORE,*** your Answering Defendant Trooper Gabriel L. Paduck respectfully requests that judgment be entered in his favor and against the Plaintiff on the claims asserted, plus an award of attorney's fees and costs.

Respectfully submitted,

Dated: <u>March 26, 2018</u>    /s/ Andrew M. Rongaus
Andrew M. Rongaus, Esquire
PA Attorney I.D. No. 87423
Pennsylvania State Police
Assistant Counsel
1800 Elmerton Ave.
Harrisburg, PA 17110
(717) 783-5568
arongaus@pa.gov
*Attorney for Defendant,*
*Trooper Gabriel L. Paduck*
*Pennsylvania State Police*

## CERTIFICATE OF SERVICE

I, <u>Andrew M. Rongaus</u>, Assistant Counsel for The Pennsylvania State Police, hereby certify that on this <u>26th</u> day of March 2018, I served a true and correct copy of the foregoing Answer by means of email and the Court's electronic filing system upon the following:

Harry T. Coleman, Esquire
Attorney I.D. No. 49137
41 N. Main Street
3rd Floor, Suite 316
Carbondale, PA 18407
(570) 282-7440
*Attorney for Defendant, Trooper Jamie Lopez*

David V. Lampman, II
PA93332
Lampman Law
2 Public Sq.
Wilkes-Barre, PA 18701
Phone: (570) 371-3737
Email: david@lampmanlaw.com
*Attorney for Plaintiff*

Dated: <u>March 26, 2018</u>

/s/ Andrew M. Rongaus
Andrew M. Rongaus, Esquire
PA Attorney I.D. No. 87423
Pennsylvania State Police
Assistant Counsel
1800 Elmerton Ave.
Harrisburg, PA 17110
(717) 783-5568
arongaus@pa.gov
*Attorney for Defendant,
Trooper Gabriel L. Paduck
Pennsylvania State Police*