Leonard Gryskewicz, Jr.

Lampman Law

2 Public Sq.

Wilkes-Barre, PA 18701

(570)371-3737

lenny@lampmanlaw.com

Attorney for Plaintiff


Harry T. Coleman, Esq.

Attorney for Defendant Jamie Lopez

Law Office of Harry Coleman

41 North Main St.

Suite 316

Carbondale, PA 18407

Email: harry@harrycolemanlaw.com


Andrew M. Rongaus, Esq.

Attorney for Defendant Gabriel Paduck

Pennsylvania State Police

Office of Chief Counsel

1800 Elmerton Ave.

Harrisburg, PA 17110

Email: arongaus@pa.gov

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN J. BENNETT,<br>         *Plaintiff* | JURY TRIAL DEMANDED |
| v. | CIVIL ACTION |
| TROOPER JAIME LOPEZ, | CASE NO. 3:17-cv-02031-ARC |
| and | |
| TROOPER GABRIEL L. PADUCK,<br>         *Defendants*. | FILED ELECTRONICALLY |

## JOINT CASE MANAGEMENT PLAN

<u>Instructions</u>:  In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 06/2017)

1. Principal Issues

   1.1 Separately for each party, please give a statement summarizing this case:
       By plaintiff(s):

On November 4, 2017, Plaintiff filed his complaint against Pennsylvania State Troopers Jamie Lopez ("Lopez") and Gabriel L. Paduck ("Paduck") alleging that the Defendants violated his Fourth and Fourteenth Amendment rights by using excessive force against Plaintiff while he was handcuffed and defenseless in a Pennsylvania courtroom. (Doc. 1). Plaintiff also brought a state law claim for assault. (Doc. 1).

On May 12, 2017, Plaintiff was arrested by Tunkhannock Borough police officers and transported to the Tunkhannock Pennsylvania State Police barracks. (Doc. 15, ¶ 15). Lopez and Paduck took custody of Plaintiff at the barracks. (Doc. 15, ¶ 16). Lopez and Paduck then transported Plaintiff to Magisterial Judge David K. Plummer's ("Judge Plummer") courtroom for a preliminary arraignment. (Doc. 15, ¶ 17).

While in Judge Plummer's courtroom, Plaintiff was seated at a table in front of Judge Plummer's bench. (Doc. 15, ¶ 20). Plaintiff was handcuffed and had a waist belt on, which prevented him from raising his arms, at all relevant times. (Doc. 15, ¶¶ 18-19). During the arraignment, Plaintiff leaned forward in his chair in a non-threatening and non-aggressive manner while speaking with Judge Plummer. (Doc. 15, ¶¶ 30-31). Lopez then placed his hand on Plaintiff's shoulder and chest. (Doc. 15, ¶¶ 34-35). Lopez then struck Plaintiff across the face. (Doc. 15, ¶¶ 36-37). After striking Plaintiff, Lopez grabbed Plaintiff by his neck. (Doc. 15, ¶ 38). Lopez placed Plaintiff in a chokehold and began to forcibly pull on Plaintiff's head and neck. (Doc. 15, ¶¶ 38-45).

Lopez maintained his chokehold on Plaintiff for approximately twenty-three (23) seconds. (Doc. 15, ¶¶ 42-43). Plaintiff did not resist Lopez, did not engage in any threatening behavior, and did not get up from his chair during this assault. (Doc. 15, ¶¶ 41, 44). Plaintiff was handcuffed and completely defenseless during Lopez's assault. (Doc. 15, ¶¶ 18, 19, 41). Paduck did nothing to stop Lopez's assault, thereby failing to intervene as required by law. (Doc. 15, ¶¶ 48-51).

Lopez also pulled off his nametag, broke the pin off the back of the nametag, and placed it in Plaintiff's midsection so that Plaintiff would remember his name. (Doc. 15, ¶ 53). Paduck then allowed Lopez to escort Plaintiff out of Judge Plummer's courtroom even

though Lopez just assaulted Plaintiff without provocation. (Doc. 15, ¶ 54). While exiting Judge Plummer's office, Lopez grabbed Plaintiff by the waist band that was attached to Plaintiff's handcuffs and unnecessarily shook Plaintiff. (Doc. 15, ¶ 55).

      By defendant(s):

<u>Defendant Lopez</u>: There was no use of excessive force with Mr. Bennett and all actions taken were justified and proper and in keeping with training provided by the Pennsylvania State Police.  Any injuries here were *de minimus*.

<u>Defendant Paduck</u>

    1.2    The facts the parties <u>dispute</u> are as follows:

All not listed below.

      <u>agree</u> upon are as follows:

1. On May 12, 2017, Plaintiff was arrested by Tunkhannock Borough police officers and transported to the Tunkhannock Pennsylvania State Police barracks.
2. Lopez and Paduck took custody of Plaintiff at the barracks.
3. Lopez and Paduck then transported Plaintiff to Magisterial Judge David K. Plummer's courtroom for a preliminary arraignment.
4. Plaintiff was handcuffed at all relevant times during the preliminary arraignment.

    1.3    The legal issues the parties <u>dispute</u> are as follows:

All not listed below.

      agree upon are as follows:

Defendants were acting under color of state law.

Venue and personal jurisdiction are proper in the Middle District of Pennsylvania.

1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None at this time.

1.5 Identify any named parties that have not yet been served:

None.

1.6 Identify any additional parties that:

plaintiff(s) intends to join:

None at this time.

defendant(s) intends to join:

None at this time.

1.7 Identify any additional claims that:

plaintiff(s) intends to add:
None at this time.

defendant(s) intends to add:
None at this time.

**2.0   Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1   Separately for each party, list by name and title/position each person whose identity has been disclosed.

Disclosed by Plaintiff:

| Name | Title/Position |
|---|---|
| Steven J. Bennett | Plaintiff |
| Magistrate David Plummer | Magistrate Judge |
| Defendant Gabriel Paduck | Pennsylvania State Police Trooper |
| Defendant Jamie Lopez | Pennsylvania State Police Trooper |
| David Ide | Wyoming County Detective |
| Dr. Robert Kraus | Emergency Room Physician |

Disclosed by Defendant Lopez:

| Name | Title/Position |
|---|---|
| Kaitlyn Fedor | Former friend of Bennett |

<u>Representatives of Wyoming County</u>
<u>Correctional Facilty            </u>

_____        _____

_____        _____

3.0　Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion for Summary Judgment | Defendant | August 30, 2019 |

4.0　Discovery

 4.1　Briefly describe any discovery that has been completed or is in progress:

  By plaintiff(s):

Plaintiff has sent and received responses for written discovery requests. Depositions for Lopez and Paduck are tentatively scheduled for March 1, 2019.

  By defendant(s):

Defendant Lopez has issued written discovery requests to Plaintiff and Plaintiff has provided responses. Plaintiff has been deposed by Defense counsel. Counsel for Defendant Lopez has issued subpoenas for Plaintiff's records at the Wyoming County Correctional Facility.

 4.2　Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiff will depose Jamie Lopez to discover any relevant information regarding this case.

Plaintiff will depose Gabriel Paduck to discover any relevant information regarding this case.

Plaintiff will depose Magistrate David Plummer to discover any relevant information regarding this case.

Plaintiff will depose any other individuals that he learns might have relevant information to provide during the course of discovery.

Defendants will depose Plaintiff to discover any relevant information regarding this case.

Defendants will depose any other individuals that they learn might have relevant information to provide during the course of discovery.

Plaintiff and Defendants may exchange interrogatories, requests for admissions, and requests for production of documents regarding various aspects of the case that remain unresolved and to narrow the issues for trial.

    4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None at this time.

    4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

None at this time.

    4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1 depositions (excluding experts) to be taken by:

        plaintiff(s): __10 per side__      defendant(s): __10 per side__

    4.5.2 interrogatories to be served by:

        plaintiff(s): __25 per party__      defendant(s): __25 per party__

    4.5.3 document production requests to be served by:

        plaintiff(s): __25 per party__      defendant(s): __25 per party__

    4.5.4 requests for admission to be served by:

        plaintiff(s): __25 per party__      defendant(s): __25 per party__

4.6    Discovery of Electronically Stored Information

9 Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

## 5.0    Protective Order

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

N/A

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's

       position below:

N/A

**6.0    Scheduling**

    6.1    Final date for joining additional parties:

          5/3/2019    Plaintiff(s)
          5/3/2019    Defendants(s)

    6.2    Final date for amending pleadings:

          6/14/2019    Plaintiff(s)

          6/14/2019    Defendants(s)

    6.3    All fact discovery commenced in time to be completed by:
          7/12/2019

    6.4    All potentially dispositive motions should be filed by:    8/30/2019

    6.5    Reports from retained experts due:

          from plaintiff(s) by   7/5/2019

          from defendant(s) by   7/5/2019

    6.6    Supplementations due   7/19/2019

    6.7    All expert discovery commenced in time to be completed by   7/19/2019

    6.8    This case may be appropriate for trial in approximately:

    __X__ 240 Days from the filing of this Joint Case Management Plan

    ____ 365 Days from the filing of the action in this court

    ____ Days from the filing of the action in this court

6.9    Suggested Date for the final Pretrial Conference:

    __September 2019__ (month/year)

6.10    Trial

    6.10.1 Suggested Date for Trial:

    __October 2019__ (month/year)

7.0    **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

__Steven Bennett__
Name

__Plaintiff__
Title

__Communications through his attorney__

_____
Address

( )____ - _____    Daytime Telephone

<u>For Defendant Lopez</u>

Name

<u>Harry T. Coleman, Esquire</u>

Title

<u> Attorney for Jamie Lopez</u>

<u>41 North Main Street, Carbondale PA 18407</u>

Address

(570) <u>282</u> - <u>7440</u>     Daytime Telephone

8.0  Alternative Dispute Resolution ("ADR")

    8.1  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure<u>           None                              </u>

        Date ADR to be commenced<u>                    </u>
        Date ADR to be completed<u>                     </u>

    8.2  If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

N/A

    8.3  If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

All parties have demanded a jury trial.

9.0     **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: ___ Y  _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

   _____ Scranton/Wilkes-Barre
   _____ Harrisburg
   _____ Williamsport

10.0    **Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0    **Identification of Counsel**

Counsel shall be registered users of the court=s Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: _____        Leonard Gryskewicz, Jr.
                              Attorney(s) for Plaintiff(s)
                 X    ECF User(s)

Dated: _____        Harry T. Coleman
                              Attorneys for Defendant Lopez
                 X    ECF User(s)
                              Waiver requested (as separate document)
                              Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.