## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN J. BENNETT,        :
       :
         Plaintiff,       :      NO. 3-17-CV-2031
       :
       v.          :      Judge Caputo
       :
TROOPER JAIME LOPEZ and   :      Electronically Filed Document
TROOPER GABRIEL L. PADUCK,   :
       :
         Defendants      :

## BRIEF IN SUPPORT OF DEFENDANT, TROOPER GABRIEL L. PADUCK'S MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,


BY:   **STEVAN KIP PORTMAN**
**Assistant Counsel**
**Attorney I.D. #38493**

**Office of Chief Counsel**
**Pennsylvania State Police**
**1800 Elmerton Avenue**      **NOLAN B. MEEKS**
**Harrisburg, PA 17110**      **Acting Chief Counsel**
**Phone:    717-783-5568**
**Fax:      717-772-2883**
**sportman@pa.gov**

**Date: November 26, 2019**      **Counsel for Defendant, Trooper**
     **Gabriel L. Paduck**

<u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................ii

INTRODUCTION ........................................................................1

STATEMENT OF MATERIAL FACTS ........................................1

QUESTIONS PRESENTED ..........................................................2

    A. Whether Defendant, Trooper Jamie Lopez, used excessive force against Plaintiff such that he violated Plaintiff's constitutional rights?

    B. Whether Defendant, Trooper Gabriel L. Paduck, failed to intervene such that he violated Plaintiff's constitutional rights?

    C. Whether Defendant, Trooper Gabriel L. Paduck, is entitled to qualified immunity against Plaintiff's claims?

ARGUMENT .............................................................................. 3

    A.    Summary Judgment Standard

    B.    Plaintiff's Section 1983 Claims for Excessive Force Against Troopers Lopez and Paduck

    C.    Trooper Paduck is Entitled to Qualified Immunity

    D.    Trooper Paduck did not have Time to Intervene

CONCLUSION ..........................................................................12

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) ................................................................... 3, 4

*Armbruster v. Marguccio,*
2006 U.S. Dist. LEXIS 87559, *7 (W.D.Pa. 2006) ........................ 8

*Armbruster v. Marguccio,*
2006 U.S. Dist. LEXIS 87559, *8 (W.D.Pa. 2006) ..................... 11

*Buchanan v. W. Whiteland Twp.,*
2008 U.S. Dist. LEXIS 106149, *14 (E.D.Pa. 2009).................... 11

*Byrd v. Clark,*
783 F.2d 1002 (11th cir. 1986) ......................................................... 9

*Celotex Corp. v. Catrett,*
477 U.S. 317, 327 (1986) ............................................................... 3

*City of Oklahoma City v. Tuttle,*
471 U.S. 808, 516, 105 S.Ct. 2427, 85 L. Ed. 2d 791 (1985) ..................... 5-6

*Dethome Graham v. M.S. Conner,*
490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ................................. 7

*Ewing v. Cumberland Cnty.,*
152 F. Supp. 3d 269 (N.J. Dist. 1988)........................................... 11

*Gainer v. Douglas County, Ga.,*
59 F. Supp. 1259 (N.D.Ga. 1998) ............................................... 10

*Hedberg v. Ind. Bell Tel. Col, Inc.,*
47 F.3d 928 (7th Cir. 1995)................................................................ 4

*Hill v. California,*
401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971) ..................................... 6

*Hunter v. Bryant,*
502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) .......................... 8

*Johnson v. Glick,*
481 F.2d 1028 (2d cir. 1973( ........................................................................ 6

*Kline v. First West Government Securities,*
24 F.3d 480 (3d Cir. 1994 ............................................................................. 3

*Knight v. Bobanic,*
2019 U.S. Dist. LEXIS 83247, *3 n.2 (W.D.Pa. 2019) ................................. 8

*Lexington Ins. Co. v. W. Pa. Hosp.,*
423 F.3d 318 (3d Cir. 2005) .......................................................................... 4

*Maryland v. Garrison,*
480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987) ..................................... 6

*Matsushita Electric Industrial Company, Ltd. V. Zenith Radio Corporation,*
475 U.S. 574 (1986) ....................................................................................... 4

*Nicini v. Morra,*
212 F.3d 798 (3d Cir. 2000) .......................................................................... 6

*O'Neill v. Krzeminski,*
839 F.2d 9 (2d Cir. 1988) ............................................................................ 10

*Russo v. City of Cincinnati,*
953 F.2d 1036 (6th Cir. 1992) ..................................................................... 8-9

*Scott v. Harris,*
127 S.Ct. 1769 (2007) .................................................................................... 4

*Scott v. United States, supra,*
436 U.S., at 138, 98 S.Ct., at 1723 ................................................................ 7

*Smith v. Mensinger,*
293 F.3d 641 (3d Cir. 2002) ..........................................................................10

*Steward v. Moll,*
717 F. Supp. 2d 454 (E.D.PA 2010) ..............................................................10

*Terry v. Ohio, supra,*
392 U.S. at 20-22, 88 S.Ct., at 1879-1881 ......................................................6

*United States v. Robinson,*
414 U.S. 218, 94 S.Ct. 2467, 38 L.ED.2d 427 (1973) .....................................7

*Williams v. Rider,*
2014 U.S. Dist. LEXIS 109269, *17 (M.D.Pa. 2014)....................................10

## **MISCELLANEOUS:**

Fed. R. Civ. P. 56 ..........................................................................................3

Count I & II – 42 U.S.C. § 1983 ...........................................................1, 5, 7

# I.    INTRODUCTION

Defendant, Trooper Gabriel L. Paduck, seeks summary judgment as to Plaintiff's claims: Count I - 42 U.S.C. §1983 Fourth Amendment Excessive Force and Count II - 42 U.S.C. §1983 Fourteenth Amendment Excessive Force, on the basis that Plaintiff has failed to establish a genuine issue of material fact regarding any of his claims.

# II.    STATEMENT OF FACTS

Defendant incorporates by reference his Statement of Undisputed Facts in Support of his Motion for Summary Judgment herein.

Briefly stated, Defendants, Pennsylvania State Police Troopers Jamie Lopez and Gabriel L. Paduck and Plaintiff were in Magisterial District Judge David K. Plummer's courtroom for Plaintiff's preliminary arraignment. During the proceeding, Plaintiff, while handcuffed and seated, made a sudden motion towards Judge Plummer. Trooper Lopez believed that Plaintiff was about to attack Judge Plummer. In response to Plaintiff's action, Trooper Lopez used an open-handed strike with his right hand about the left portion of Plaintiff's face or his chest or his left cheek and then placed him in a hold. SMF ¶ 32.

Following the preliminary arraignment process, Plaintiff walked out of the courtroom accompanied by Trooper Lopez. Plaintiff complained of trouble

1

breathing and an ambulance was called.  Plaintiff, accompanied by Trooper Paduck, was transported by ambulance to the local hospital.  Plaintiff was discharged without needing medical intervention.

## PROCEDURAL HISTORY

On November 6, 2017, Plaintiff filed a complaint against Troopers Lopez and Paduck, in which he alleged violations of his constitutional rights.[1] SMF ¶ 1. Plaintiff then filed a First Amended Complaint on January 1, 2018. Id. The First Amended Complaint is the operative complaint addressed herein. Id. The pleadings and discovery are closed. This matter is ripe for summary judgment.

## QUESTIONS PRESENTED

A. Whether Defendant, Trooper Jamie Lopez, used excessive force against Plaintiff such that he violated Plaintiff's constitutional rights?

**[Suggested Answer:  NO]**

B. Whether Defendant, Trooper Gabriel L. Paduck, failed to intervene such that he violated Plaintiff's constitutional rights?

**[Suggested Answer:  NO]**

C. Whether Defendant, Trooper Gabriel L. Paduck, is entitled to qualified immunity against Plaintiff's claims?

---

[1] Defendant has filed, pursuant to LR 56.1, a comprehensive Statement of Material Facts (SMF) and has attached to that separate filing the evidentiary material that support each fact.  Rather than repeat all of those facts here, we will incorporate undisputed material facts into the argument section of this Brief.

**[Suggested Answer:  YES]**

## III.   ARGUMENT

### A.    Summary Judgment Standard

"Summary judgment procedure is…an integral part of the Federal Rules as a whole, [and is] designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is appropriate where the moving party shows that "there is no genuine issue as to any material fact and that [he/she] is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322.

To successfully oppose a motion for summary judgment, Plaintiff cannot merely rely on the unsupported allegations in the Complaint. Rather, he must present more than the "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Further, the plaintiff must offer specific material facts that would be admissible at trial that contradict Defendants' assertion that no genuine issue is in dispute. *Kline v. First West Government Securities*, 24 F.3d 480, 485 (3d Cir. 1994); Fed. R. Civ. P. 56(e).

Not all facts are material and not all disputes are genuine. A fact is "material" only if its existence or nonexistence would affect the outcome of the case under the applicable substantive law. *Anderson*, 477 U.S. at 248. *See also*

*Celotex*, 477 U.S. at 323 ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"). A dispute is "genuine" only where a reasonable jury "could return a verdict in favor of the non-moving party." *Anderson*, 477 U.S. at 255; *Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986) ("[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial").

Speculation will not defeat a motion for summary judgment. *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 332-33 (3d Cir. 2005) (citing *Hedberg v. Ind. Bell Tel. Co., Inc.*, 47 F.3d 928, 932 (7th Cir. 1995) ("[s]peculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment") (emphasis in original)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 127 S.Ct. 1769, 1776 (2007); *Matsushita*, 475 U.S. at 586 (party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts").

**Plaintiffs section 1983 claims are baseless and have no basis in precedent**

In Counts I and II, Plaintiff asserts claims against the Defendants for excessive force under 42 U.S.C. §1983. SMF ¶¶ 3, 4. Specifically, in Count I Plaintiff alleges that Trooper Paduck had a duty to intervene on his behalf and stop Trooper Lopez from using allegedly excessive force against him.  SMF ¶ 3.  However, other than referring to the defendants in the plural throughout Count II, Plaintiff does not present any argument as to how Trooper Paduck actually violated his civil rights. SMF ¶ 4.  In Count 4 Plaintiff alleges a violation of common law assault. SMF ¶ 5. Despite these allegations, Trooper Paduck is entitled to summary judgment because plaintiff fails to that establish that the force utilized by either officer was excessive.

The conduct of which Plaintiff complains was video recorded by a camera installed in the courtroom. SMF ¶ 10. The alleged use of excessive force is clearly visible on the video recording. The video recording has a time-line that is unique to the recording so one sees the events as they unfolded in real-time. Id. Although Trooper Lopez struck Plaintiff across his face and placed him in an arm hold, those actions do not rise to the level of excessive force. SMF ¶ 31.

Plaintiff has failed to adduce evidence of excessive force by Trooper Lopez. Section 1983, 42 U.S.C. § 1983, does not create substantive rights, but rather provides a remedy for the violation of rights created by federal law. *City of*

*Oklahoma City v. Tuttle,* 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). A *prima facie* case under §1983 requires a plaintiff to demonstrate: (1) that the alleged wrongful conduct was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra,* 212 F.3d 798, 806 (3d Cir. 2000).

The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *See Terry v. Ohio, supra,* 392 U.S. at 20-22, 88 S.Ct., at 1879-1881. The Fourth Amendment is not violated by an arrest based on probable cause, even though the wrong person is arrested, *Hill v. California*, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971), nor by the mistaken execution of a valid search warrant on the wrong premises, *Maryland v. Garrison*, 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir 1973), cert. denied, 414 U.S. 1033, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances

that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

As in other Fourth Amendment contexts, however, the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. See *Scott v. United States*, 436 U.S. 128, 137-139, 98 S.Ct. 1717, 1723-1724, 56 L.Ed.2d 168 (1978); see also *Terry v. Ohio, supra,* 392 U.S., at 21, 88 S.Ct., at 1879 (in analyzing the reasonableness of a particular search or seizure, 'it is imperative that the facts be judged against an objective standard'). An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional. See *Scott v. United States, supra*, 436 U.S., at 138, 98 S.Ct., at 1723, citing *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 2467, 38 L.Ed.2d 427 (1973). *Dethome Graham v. M.S. Conner*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Furthermore, a court may conclude as a matter of law whether defendant's actions were objectively reasonable under a Section 1983 analysis when no reasonable jury could find against the officers given the undisputed facts of the case.

*Knight v. Bobanic*, 2019 U.S. Dist. LEXIS 83247, *3 n.2 (W.D.Pa. 2019). In the case *sub judice*, there are no disputed facts as to the incident, largely due to the fact that the incident was caught on video tape. Based on the video recorded actions of Plaintiff and Troopers Lopez and Paduck (Video Recording 25:29-26:00), the court may decide during the summary judgment motion stage that the actions of Troopers Lopez and Paduck were objectively reasonable.

### B.    DEFENDANT TROOPER PADUCK IS ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity will be granted when a reasonable officer in the position of a defendant could have believed that his or her conduct was lawful considering the established law and information known to the officer at the time of the incident. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991). See *Armbruster v. Marguccio*, 2006 U.S. Dist. LEXIS 87559, *7 (W.D.Pa. 2006) (deciding that the use of force by the officers in response to what they could have perceived as resistance—plaintiff's involuntary leg movement after being tasered— did not amount to excessive force, or even if it did amount to excessive force, it would not defeat the qualified immunity defense).  Such is the case with Troopers Lopez and Paduck. See *Russo v. City of Cincinnati,* 953 F.2d 1036, 1045 (6th Cir. 1992). The Court in *Russo* granted qualified immunity to law enforcement for continued use of a taser after its initial ineffectiveness, even though the suspect no

8

longer posed an immediate threat to police on the scene and held that said conduct did not constitute excessive force. *Id*.

Accordingly, at the point where the alleged constitutional violation had occurred, qualified immunity would be granted to Troopers Lopez and Paduck. Trooper Lopez believed he was reasonably subduing Plaintiff with the minimum amount of force necessary, and Trooper Paduck rightfully trusted his judgment considering the attending circumstances. Overall, both Troopers were acting reasonably during a tense situation and made split-second decisions that could have been the difference between a violent outburst that resulted in an innocent person's injury, versus a moment of discomfort for Plaintiff. For these reasons, Trooper Paduck is entitled to qualified immunity and summary judgment should be granted in his favor.

## C.   DEFENDANT TROOPER PADUCK DID NOT HAVE TIME TO INTERVENE

If a police officer fails to act when a constitutional violation, such as an unprovoked beating takes place in his presence, the officer can be held liable under §1983. *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986) (remanding the case with the instruction that if of the two officers, one had violated the plaintiff's constitutional rights through excessive force, then the second one could be held liable if the jury finds they were in a position to intervene). A police officer has a

heightened duty imposed by his office, and therefore is required to stop other officers who act with excessive force. *Id. See Smith v. Mensinger*, 293 F.3d 641, 552 (3d Cir. 2002) (finding that the district court erred in dismissing the plaintiff's eighth amendment claim against Corrections Officer Paulukonis, because it could be shown that Paulukonis ignored a realistic opportunity to intervene, which the plaintiff could recover for). This form of liability requires two steps, "(1) the officer must have had reason to know that a constitutional violation, such as excessive force was occurring, and (2) that the officer had a reasonable and realistic opportunity to intervene." *Williams v. Rider*, 2014 U.S. Dist. LEXIS 109269, *17 (M.D.Pa. 2014). It is plaintiff's burden to bring forth evidence to prove both elements of the defendant's failure to act. *Gainor v. Douglas County, Ga.,* 59 F. Supp. 1259, 1289 (N.D.Ga. 1998). As established above, Trooper Lopez did not use excessive force, therefore there is no way Trooper Paduck could know  or  should have known that excessive force was in fact used against Plaintiff.

As to the second element for failure to act listed above, the reasonable opportunity to intervene, 'an officer is only liable if there is a realistic and reasonable opportunity to intervene.' *Steward v. Moll*, 717 F. Supp. 2d 454 (E.D.PA 2010) (citing *Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002). See *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (holding that the three blows were struck

in such rapid succession that the officer had no realistic opportunity to attempt to prevent them), *Ewing v. Cumberland Cnty.,* 152 F. Supp. 3d 269, 309 (N.J.Dist. 1988) (finding Officer Day was entitled to summary judgment because no reasonable jury could find he had a reasonable opportunity to intervene before plaintiff was mistreated); *Buchanan v. W. Whiteland Twp.*, 2008 U.S. Dist. LEXIS 106149, *14 (E.D.Pa. 2009) (deciding there was no realistic way for Officers Smith or Buchmann to have reason to know that Officer Greissser was about to decide to deploy his taser to give them a reasonable opportunity to stop him).

In order to determine whether the officer had a reasonable opportunity to intervene, the courts may consider many factors including "the temporal length of the alleged assault, the proximity of the non-intervening officer to the alleged assault, the ability of the non-intervening officer to perceive and/or hear the alleged assault" *Armbruster v. Marguccio*, 2006 U.S. Dist. LEXIS 87559, *8 (W.D.Pa. 2006).

In our case, Trooper Paduck was placing his pen behind his tie when he heard Trooper Lopez strike the Plaintiff (Paduck Dep. 19). He had no prior awareness that his partner was about to use force against the plaintiff and had no opportunity or time to intervene. The next action, of keeping the plaintiff in the chair, was one that Trooper Paduck assumed was objectively reasonable and necessary believing

Trooper Lopez had the interaction under control. (Paduck Dep. 19-21). You can see Trooper Paduck moving behind Trooper Lopez to observe whether he needed to intervene and made the objective choice it was not necessary (Paduck Dep. 20). In fact, had Trooper Paduck decided to intervene, he would have had to put himself and Trooper Lopez at odds with each other regarding how to deal with Plaintiff. At no point did Trooper Paduck fail to act. For the foregoing reasons, the court should grant Trooper Paduck's motion for summary judgment.

## IV.   CONCLUSION

For the reasons set forth above, Defendant Trooper Paduck requests that his Motion for Summary Judgment be granted, and that judgment be entered in his favor and against Plaintiff in this matter.

**Respectfully submitted,**

**BY:**   *s/ Stevan Kip Portman*
**STEVAN KIP PORTMAN**
**Assistant Counsel**
**Attorney I.D. #38493**

**Office of Chief Counsel**
**Pennsylvania State Police**
**1800 Elmerton Avenue**
**Harrisburg, PA  17110**
**Phone:     717-783-5568**
**Fax:          717-772-2883**
**sportman@pa.gov**

**NOLAN B. MEEKS**
**Acting Chief Counsel**

**Date: November 26, 2019**                    **Counsel for Defendant, Trooper**
                                               **Gabriel L. Paduck**

## CERTIFICATE OF WORD COUNT

I, Stevan Kip Portman, Assistant Counsel for the Commonwealth of Pennsylvania, Pennsylvania State Police hereby certify that this brief is 12 pages long, excluding the cover page and table of contents, and contains 2, 662 words.  In making this certification I have relied on the word processing system used to prepare this Brief.

/s/ Stevan Kip Portman
**STEVAN KIP PORTMAN**
**Assistant Counsel**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN J. BENNETT,** | : | |
| | : | |
| **Plaintiff,** | : | **NO. 3-17-CV-2031** |
| | : | |
| **v.** | : | **Judge Caputo** |
| | : | |
| **TROOPER JAIME LOPEZ and** | : | **Electronically Filed Document** |
| **TROOPER GABRIEL L. PADUCK,** | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Stevan Kip Portman, Assistant Counsel for the Commonwealth of Pennsylvania, Pennsylvania State Police hereby certify that a true and correct copy of the within Defendant Trooper Gabriel L. Paduck's Brief in Support of His Motion for Summary Judgment was served upon the following counsel of record:

**VIA ELECTRONIC FILING**

| | |
|---|---|
| **Leonard Gryskewicz, Jr.** | **Harry T. Coleman** |
| Lampman Law | Law Office of Harry Coleman |
| 2 Public Sq. | 41 North Main St., Suite 316 |
| Wilkes-Barre, PA 18701 | Carbondale, PA 18407 |
| Phone: (570) 371-3737 | (570) 282-7440 |
| lenny@lampmanlaw.com | harry@harrcolemanlaw.com |
| Counsel for Plaintiff | Counsel for Defendant Trooper Lopez |

BY: _/s/ Stevan Kip Portman_
**STEVAN KIP PORTMAN**
**Assistant Counsel**

15