IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| STEVEN J. BENNETT, | : | |
|---|---|---|
| Plaintiff, | : | NO. 3-17-CV-2031 |
| v. | : | Judge Caputo |
| TROOPER JAIME LOPEZ and TROOPER GABRIEL L. PADUCK, | : | Electronically Filed Document |
| Defendants | : | |

## STATEMENT OF MATERIAL FACTS

Pursuant to LR 56.1, Defendant, Gabriel L. Paduck, by his attorneys, submits this Statement of Material Facts. The evidentiary materials supporting these facts are attached as exhibits hereto.

**Plaintiff's Constitutional Challenges**

1. The operative pleading in this case is the First Amended Complaint (FAC) (Exhibit 1).

2. Through this pleading, Plaintiff asserts two constitutional claims against Defendants and a state law claim. FAC.

3. The first claim is based on purported violations of 42 U.S.C. §1983 under the Fourth Amendment for excessive force. FAC, Count I (Exhibit 1).

4. The second claim is based on purported violations of 42 U.S.C. §1983 under the Fourteenth Amendment for excessive force. FAC, Count II (Exhibit 1).

5. Plaintiff's final claim is based on common law assault. FAC, Count III (Exhibit 1).

6. Plaintiff seeks monetary damages. FAC.

**Parties**

7. Plaintiff, Steven J. Bennett, is an adult individual who, at all times relevant, resided 44 Church Road, Tunkhannock, Pennsylvania 18657. FAC, ¶ 7 (Exhibit 1).

8. Defendant, Trooper Jamie Lopez, at all times relevant, was employed by the Commonwealth of Pennsylvania, Pennsylvania State Police and was acting under color of state law. FAC, ¶ 8 (Exhibit 1).

9. Defendant, Trooper Gabriel L. Paduck, at all times relevant, was employed by the Commonwealth of Pennsylvania, Pennsylvania State Police and was acting under color of state law. FAC, ¶ 9 (Exhibit 1).

**Events of May 12, 2017**

10. The events that form the basis of Plaintiff's claims were video recorded. VR at 0:00-34:57 (Exhibit 2).

11. In the evening of May 12, 2017, Plaintiff was taken into custody by a police officer from Tunkhannock Township. Plaintiff Steven J. Bennett Deposition (Plaintiff Dep.) at 115(17-25)-116(1-4); FAC, ¶ 15 (Exhibit 1)

12. Plaintiff was transported to the Pennsylvania State Police (State Police) Troop P Tunkhannock station where he was detained while a Pennsylvania State Police trooper prepared a criminal complaint. FAC, ¶ 15 (Exhibit 1).

13. Upon completion of the criminal complaint, Defendants State Police Troopers Jamie Lopez (Trooper Lopez) and Gabriel L. Paduck (Trooper Paduck) took custody of Plaintiff to transport him to the local magisterial district judge's office for his preliminary arraignment in a State Police marked vehicle. FAC, ¶¶ 16-17 (Exhibit 1); Plaintiff Dep. at 115(10-25)-116(1).

14. Before placing Plaintiff in the State Police marked vehicle, a transportation belt and handcuffs were used to secure the plaintiff's hands in front. At all times relevant, the handcuffs and waist belt remained on the plaintiff. FAC, ¶¶ 18-19 (Exhibit 1); Plaintiff Dep. at 116(8-15); Defendant, Trooper Jamie Lopez Deposition (Lopez Dep.) at 15(16-25)-16(1-6).

15. Plaintiff and Troopers Lopez and Paduck arrived at Magisterial District Court 44-3-01 at 10:10 p.m. State Police Incident Report Part II Page 2 (Exhibit 3).

16. The events Plaintiff relies on to support his allegations of excessive force were captured on video recording equipment located in the courtroom of Magisterial District Court 44-3-01. Magisterial District Judge David K. Plummer Deposition at 6(13-16).

17. For approximately seventeen and three-quarter minutes Plaintiff and Troopers Lopez and Paduck waited in the courtroom for Judge Plummer to appear. During their wait, Plaintiff and Troopers Lopez and Paduck stood or sat. Video Recording (VR) at 0:00-17:44 (Exhibit 2).

18. At the 17:44 mark, Judge Plummer entered the courtroom with paperwork for Plaintiff to read and sign; Plaintiff sat down in a chair at a table. VR at 17:44 (Exhibit 2).

19. At approximately the 17:56 mark, Plaintiff sat down in a chair at a table. At this time, Trooper Paduck is seated at a table to Plaintiff's right and Trooper Lopez is seated behind and to the right of Trooper Paduck. VR at 17.56 (Exhibit 2).

20. From the 17:44 mark until approximately the 22:27 mark, Judge Plummer is observed preparing paperwork for Plaintiff's preliminary arraignment. VR at 17:44-22:27 (Exhibit 2).

21. At the 19:44 mark, Judge Plummer places paperwork on the table at which Plaintiff is seated and Trooper Paduck gets out of his chair and begins to assist

4

Plaintiff with the paperwork. During the next approximately five minutes and fifty seconds, Plaintiff and Judge Plummer are speaking to each other; and Judge Plummer is placing paperwork on the table in front of Plaintiff. VR at 19:44-25:34 (Exhibit 2).

22. Trooper Lopez stands up. VR at 22:29 (Exhibit 2).

23. Plaintiff stood up at approximately the 23:54 mark and Trooper Paduck moved to stand next to Plaintiff's right side. VR at 23:54 (Exhibit 2).

24. According to Trooper Lopez, he left his seat on the other side of the courtroom at the 24:03 mark and took up his position next to Trooper Paduck at the table in response to Plaintiff standing up. Lopez Dep. at 22(7-11); VR 24:03 (Exhibit 2).

25. At the 24:09 mark, Plaintiff sat down, with the seat positioned away from the table and at the 24:32 mark, Plaintiff shifts his chair closer to the front edge of the table. VR at 24:09-24:32 (Exhibit 2).

26. Between the 24:32 mark and the 25:29 mark, Judge Plummer and Plaintiff are observed to be talking to each other. VR at 24:32-25:29 (Exhibit 2).

27. At approximately the 25:28 mark, Plaintiff lifts his lower half off the chair and leans across the table towards Judge Plummer. VR at 25:28 (Exhibit 2); Lopez Dep. at 23(1-4).

5

28. Trooper Lopez places his left hand on Plaintiff's right shoulder to prevent him from getting closer to Judge Plummer. VR at 25:31 (Exhibit 2).

29. According to Trooper Lopez, Plaintiff refused to heed instructions from Trooper Lopez to calm down and not come any closer to Judge Plummer. Lopez Dep. at 25(8-13).

30. At approximately the 25:31 mark, Trooper Lopez placed his right hand on Plaintiff's chest and forced him back into the chair. VR at 25:31 (Exhibit 2).

31. From approximately the 25:31 mark to approximately the 25:36 mark, Trooper Lopez and Plaintiff appear to be talking to each other. VR at 25:31-25:36. (Exhibit 2).

32. Trooper Lopez used an open-handed strike with his right hand about the left portion of Plaintiff's face or his chest or his left cheek. VR at 25:36 (Exhibit 2); Lopez Dep. at 27(22-25).

33. Trooper Paduck did not see the slap. Defendant, Trooper Gabriel L. Paduck Deposition (Paduck Dep.) at 17(16-19).

34. Trooper Paduck did hear the noise from the slap. Paduck Dep. at 18(4-6).

35. Trooper Paduck did not see what transpired between Trooper Lopez and the plaintiff immediately prior to the slap. Paduck Dep. at 18(23-25)-19(1).

36. Plaintiff starts to stand up. VR at 25:38 (Exhibit 2).

37. In response to Plaintiff's attempt to stand up, Trooper Lopez placed his right forearm across the left side of Plaintiff's neck, causing Plaintiff's face to contact Trooper Lopez's right bicep. VR at 25:40 (Exhibit 2).

38. At the 25:41 mark, Trooper Lopez had to use to both of his arms to restrain Plaintiff from trying to get out of the chair. VR at 25:41 (Exhibit 2).

39. During the period that Trooper Lopez had to restrain Plaintiff, the 25:41 mark to the 26:00 mark, Plaintiff speaks to Trooper Lopez and moves his hands in front of himself. VR at 25:41-26:00 (Exhibit 2).

40. At approximately the 26:01 mark, Trooper Lopez released Plaintiff. VR at 26:01 (Exhibit 2).

41. Trooper Lopez's slap did not cause a small laceration on his face or leave a red handprint blotch on his face. VR at 25:36-26:01 (Exhibit 2).

42. Trooper Lopez did not place Plaintiff in a headlock and/or choke hold and begin to strangle him. VR at 25:36-26:01 (Exhibit 2).

43. While Trooper Lopez restrained the plaintiff, Trooper Paduck is observed to move to a position beside and behind Trooper Lopez. VR at 25:42-25:52 (Exhibit 2).

44. At the 28:09 mark, Trooper Lopez takes control of Plaintiff and walks him out of the courtroom. VR at 28:09 (Exhibit 2).

45. Plaintiff complained of shortness of breath and an ambulance was requested to respond to assess Plaintiff. Lopez Dep. at 41(7-18).

46. Plaintiff did not request an ambulance. Plaintiff Dep. at 166(3-5).

47. Plaintiff, accompanied by Trooper Paduck, was transported to the local hospital by ambulance. Paduck Dep. at 29(12-14).

48. Plaintiff was treated at Tyler Memorial Hospital and released. Tyler Memorial Hospital Nurse's Notes and Physician Documentation (Exhibit 4).