**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVEN J. BENNETT, | JURY TRIAL DEMANDED |
| *Plaintiff* | CIVIL ACTION |
| v. | |
| TROOPER JAMIE LOPEZ, | CASE NO. 3:17-cv-02031-ARC |
| and | |
| TROOPER GABRIEL L. PADUCK, | FILED ELECTRONICALLY |
| *Defendants*. | |

## REPLY BRIEF TO DEFENDANT JAMIE LOPEZ'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................... ii

**I.   Introduction** .................................................................................. 1

**II.  Questions Presented** .................................................................. 1

**III.  Argument** .................................................................................... 2

*A.  Lopez Admitted all of the Requests for Admission Propounded by Plaintiff since he did not respond to Plaintiff's Requests for Admission within the Time Prescribed by the Federal Rules of Civil Procedure* ........2

*B.  Lopez Failed to Support his Denial of (Doc. 75, ¶ 11) with Citations to Particular Parts of the Record and therefore, the Court should Consider (Doc. 75, ¶ 11) Undisputed for Purposes of Plaintiff's Motion for Partial Summary Judgment* .................................................................................7

*C.  Lopez used Excessive Force against Plaintiff in Violation of Plaintiff's Fourteenth Amendment Rights.* ................................................9

*D.  Lopez Used Excessive Force in Violation of Plaintiff's Fourth Amendment Rights* .................................................................................11

*E.  Force Used by Lopez was not De Minimis* .......................................13

*F.  Lopez did not Provide Argument to Support his Reasoning that Plaintiff is not Entitled to Summary Judgment on Count III of the Amended Complaint* ................................................................................16

*G.  Lopez is not Entitled to Qualified Immunity* .....................................17

**IV.  Conclusion** ...............................................................................20

**WORD COUNT CERTIFICATION OF COUNSEL** ....................................21

# TABLE OF AUTHORITIES

## Cases

*Acosta v. Central Laundry, Inc.*, 2019 WL 3413514 (E.D. Pa. Jun. 29, 2019)

.............................................................................................. 3, 6, 7

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ..................................................... 17

*Ball v. Sipe*, 2015 WL 632375 (M.D. Pa. Feb. 13, 2015) ............................. 7

*Beers-Capitol v. Whetzel*, 256 F.3d 120 (3d Cir. 2001) ............................. 17

*Bensinger v. Mullen*, 2000 WL 1100781 (E.D.Pa. Aug. 4, 2000) ......... 15, 16

*Brown v. Stroehmann Bakeries LC*, 2014 WL 4639924 (M.D. Pa. Sept. 15, 2014) ........................................................................................................ 3

*Caver v. City of Trenton*, 192 F.R.D. 154 (D.N.J. 2000) ............................. 6

*Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007) ............................................. 17

*Federal Trade Comm'n v. Medicor, LLC*, 217 F.Supp.2d 1048 (C.D. Cal. 2002) .................................................................................................... 3, 4

*Fennell v. Cambria County Prison*, 607 Fed.Appx. 145 (3d Cir. 2015) ........ 2

*Fireman's Ins. Co. of Newark NJ v. DuFresne*, 676 F.2d 965 (3d Cir. 1982)

............................................................................................................ 7

*Gadra v. Eiswerth*, 2011 WL 240183 (M.D. Pa. Jan. 4, 2011) ......... 2, 3, 4, 5

*Geist v. Ammary*, 40 F.Supp.3d 467 (E.D. Pa. 2014) ................................. 17

*Gulley v. Elizabeth City Police Dept.*, 340 Fed.Appx. 108 (3d Cir. 2009)... 19

*Hernandez-Tirado v. Lowe*, 2017 WL 3433690 (M.D. Pa. Aug. 10, 2017)...9

*Hudson v. McMillian*, 503 U.S. 1 (1992)....................................................14

*In re Taylor*, 655 F.3d 274 (3d Cir. 2011) ...............................................2, 5

*McDowell v. Sheerer*, 374 Fed.Appx. 288 (3d Cir. 2010) ...........................2

*Mounshar v. City of Philadelphia*, 2016 WL 3997057 (E.D.Pa. July 26, 2016)........................................................................................................14

*Page v. Doyle*, 2019 WL 1790467 (E.D.Pa. Apr. 24, 2019).......................13

*Papa v. Chester County Prison*, 2013 WL 373168 (E.D. Pa. Jan. 31, 2013) ...............................................................................................................3

*Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir. 1995) ............6

*Sarrano v. City of Scranton*, 2019 WL 450573 (M.D. Pa. Feb. 5, 2019)...17, 19

*Saucier v. Katz*, 533 U.S. 194 (2001)........................................................17

*Scott v. Harris*, 550 U.S. 372 (2007) ...........................................................8

*Secretary United States Dep't of Labor v. Kwasny*, 853 F.3d 87 (3d Cir. 2017).........................................................................................................4

*Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002)................................13, 14

*United States v. Fulton*, 837 F.3d 281 (3d Cir. 2016) ................................12

*United States v. Stadtmauer*, 620 F.3d 238 (3d Cir. 2010)........................12

*Velius v. Twp. Of Hamilton*, 754 F.Supp. 2d 689 (D.N.J. 2010)................14

*Williams v. Bitner*, 455 F.3d 186 (3d Cir. 2006)..........................................17

**Rules**

Fed.R.Civ.P. 36 ........................................................ 2, 3, 4, 5, 7

Fed.R.Civ.P. 37 ...................................................................5

Fed.R.Civ.P. 56 ...................................................................7

L.R. 7.8 ...........................................................................11

Local Rule 56.1...................................................................8

## I.      Introduction

Plaintiff, by and through his counsel, Leonard Gryskewicz, Jr. hereby files his Reply Brief to Defendant Jamie Lopez's ("Lopez") Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 81).

## II.      Questions Presented

1. Whether Lopez admitted all of Plaintiff's Requests for Admission by operation of law when he failed to respond to the Requests for Admission within the time prescribed by the Federal Rules of Civil Procedure?

   **Suggested Answer: Yes.**

2. Whether Lopez's admitted (Doc. 75, ¶ 11) by issuing a blanket denial of (Doc. 75, ¶ 11) without proper objection or citation to the record to support his denial?

   **Suggested Answer: Yes.**

3. Whether the Court should grant Plaintiff's Motion for Partial Summary Judgment on Counts I or II and Count III of the Amended Complaint?

   **Suggested Answer: Yes.**

4. Whether Lopez is entitled to qualified immunity?

   **Suggested Answer: No.**

### III.    **Argument**

The United States Supreme Court has held that videotape evidence of what occurred should be believed over any testimony contrary to what the video evidence shows. *Scott v. Harris*, 550 U.S. 372, 379–81 (2007). The Third Circuit Court of Appeals, in accordance with the *Scott* decision, has also adopted the rule that when video evidence is available, the video evidence should be taken as true over any testimony contrary to the video. *Fennell v. Cambria County Prison*, 607 Fed.Appx. 145, 148 (3d Cir. 2015); *McDowell v. Sheerer*, 374 Fed.Appx. 288, 291–92 (3d Cir. 2010).

A. *Lopez Admitted all of the Requests for Admission Propounded by Plaintiff since he did not respond to Plaintiff's Requests for Admission within the Time Prescribed by the Federal Rules of Civil Procedure*

Federal Rule of Civil Procedure 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed.R.Civ.P. 36(a)(3). The Third Circuit has held that "[u]nless a party responds properly to a request for admission *within 30 days*, the "matter is [deemed] admitted." *In re Taylor*, 655 F.3d 274, 280 (3d Cir. 2011) (quoting Fed.R.Civ.P. 36(a)(3)) (emphasis added) (alterations in original); *see also Gadra v. Eiswerth*, 2011 WL 240183, at *6 (M.D. Pa. Jan. 4, 2011) ("When

a party . . . fails to file a timely response to a request for admissions, the matters set forth in the request are deemed admitted").[1] Courts routinely rule on whether requests for admission are deemed admitted at the summary judgment stage. *See e.g.*, *Acosta v. Central Laundry, Inc.*, 2019 WL 3413514, at *4 (E.D. Pa. Jun. 29, 2019) (holding that a party admitted requests for admission for failing to respond as required by Federal Rule of Civil Procedure 36(a)(3) while ruling on a motion for summary judgment); *Brown v. Stroehmann Bakeries LC*, 2014 WL 4639924, at *1–2 (M.D. Pa. Sept. 15, 2014) (citing Fed.R.Civ.P. 36(a)(3)) (holding that requests for admission were admitted because a plaintiff failed to respond when ruling on a motion for summary judgment; *Papa v. Chester County Prison*, 2013 WL 373168, at *2–3 (E.D. Pa. Jan. 31, 2013) (holding requests for admission were deemed admitted for failure to respond when considering a motion for summary judgment); *Gadra*, 2011 WL 240183, at *6 (holding requests for admission were deemed admitted for failure to respond while considering a motion for summary judgment). "Matters deemed admitted due to a party's failure to respond to requests for admission are 'conclusively established' under Federal Rule of Civil Procedure 36(b), and

---

[1] In *Gadra*, the Middle District cited to *Medicor* for the proposition that "failure to respond results in automatic admission, with no motion necessary, because Rule 36(b)(3) is self-executing." *Gadra*, 2011 WL 240183, at *6 (citing *Federal Trade Comm'n v. Medicor, LLC*, 217 F.Supp.2d 1048, 1953 (C.D. Cal. 2002)).

may support a summary judgment motion." *Secretary United States Dep't of Labor v. Kwasny*, 853 F.3d 87, 90–91 (3d Cir. 2017)

Lopez was served with discovery requests in April 2018. (Doc. 75, ¶ 23). Lopez's counsel's office signed the certified mailing receipt verifying that they received the requests for admissions on April 20, 2018. (Doc. 75, Exhibit 9). Therefore, Lopez was required to serve responses to the requests for admission no later than May 20, 2018. Fed.R.Civ.P. 36(a)(3). Lopez did not respond to these discovery requests until August 15, 2018. (Doc. 75, ¶ 24.). Therefore, Lopez did not respond to the requests for admission as required by Federal Rule of Civil Procedure 36(a)(3) and the requests were deemed admitted by operation of law. *See e.g.*, *Gadra*, 2011 WL 240183, at *6 (citing *Medicor, LLC*, 217 F.Supp.2d at 1953).

In his brief in opposition, Lopez states "[a]t no time has Plaintiff ever challenged the Answers or alerted undersigned counsel that same were outstanding." (Doc. 81, pg. 2). The assertion that undersigned never alerted Lopez that he failed to respond to the Requests for Admission is contradicted by Attorney Coleman's letter acknowledging that the requests for admission were overdue, which was written in response to undersigned informing both counsel for Lopez and Paduck that they failed to respond to discovery in timely fashion. (Doc. 75, Exhibit 13). Undersigned is also not

required to challenge the answers as asserted by Lopez. As described above, failure to timely respond to requests for admissions results in automatic admission by operation of law and no "challenge" is necessary. *In re Taylor*, 655 F.3d at 280 (quoting Fed.R.Civ.P. 36(a)(3)); *see also Gadra*, 2011 WL 240183, at *6 ("When a party . . . fails to file a timely response to a request for admissions, the matters set forth in the request are deemed admitted").

Lopez does not cite a single case on point to support his position that the requests for admission should not be deemed admitted. Instead, he cites to Federal Rule of Civil Procedure 37 and case law governing a discovery motion to compel. (Doc. 81, pg. 9–10). First, Lopez cited to Federal Rule of Civil Procedure 37(a)(3)(B) for the misguided proposition that undersigned should have filed a motion to compel responses to the requests for admission. (Doc. 81, pg. 9). However, a full reading of Federal Rule of Civil Procedure 37(a)(3)(B) reveals that the motion to compel procedure is not available for requests for admissions. Fed.R.Civ.P. 37(a)(3)(B)(i)–(iv) (stating that a motion to compel may only be made for failure to respond under Rules 30, 31, 30(b)(6), 31(a)(4), 33 or 34 and omitting any mention of Rule 36). Lopez then cites to *Petrucelli*. However, *Petrucelli* dealt with the denial of a motion to compel for interrogatories

and/or requests for production of documents. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995). Lopez also cited to *Caver*. However, that case dealt with a motion to compel production of possibly privileged psychological records. *Caver v. City of Trenton*, 192 F.R.D. 154 (D.N.J. 2000). Therefore, neither case cited by Lopez has any relation to whether he admitted his requests for admission and analyzed issues under separate and distinct rules of procedure.

With the notable absence of legal authority supporting his position, Lopez turned to personal insults and unsubstantiated argument. However, without supporting legal authority, Lopez's assertions must be rejected by this Honorable Court. *Acosta*, 2019 WL 3413514, at *4. ("Defendants do not engage with this 'well settled' law [that requests for admissions are deemed automatically admitted if a party fails to respond in the proper time period], but instead simply declare–without legal argumentation–that reliance on the First Request for Admissions 'should be rejected out of hand' and that it is 'unworthy of consideration by this Court[.]' Absent legal argument, these assertions have no currency. Accordingly, Defendants are deemed to have admitted [the relevant requests for admission].") As in *Acosta*, Lopez has submitted no legal authority to demonstrate that the requests for admission should not be admitted. Therefore, this Honorable

Court should consider Lopez's arguments baseless and hold that the requests for admissions have been admitted by operation of law. *Id.*; Fed.R.Civ.P. 36(a)(3).

### B. Lopez Failed to Support his Denial of (Doc. 75, ¶ 11) with Citations to Particular Parts of the Record and therefore, the Court should Consider (Doc. 75, ¶ 11) Undisputed for Purposes of Plaintiff's Motion for Partial Summary Judgment

A party asserting that a fact is genuinely disputed must support that assertion by "citing to particular parts of materials in the record. . . ." Fed.R.Civ.P. 56(c). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it. . . ." Fed.R.Civ.P. 56(e). "'[W]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." *Ball v. Sipe*, 2015 WL 632375, at *6 (M.D. Pa. Feb. 13, 2015) (quoting *Fireman's Ins. Co. of Newark NJ v. DuFresne*, 676 F.2d 965, 968 (3d Cir. 1982)). This Honorable Court's local rules also provide that "[s]tatements of material facts . . . in opposition to, a motion shall include references to the parts of the record that support the

statements. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Local Rule 56.1.

In Lopez's denial of (Doc. 75, ¶ 11) he cites to cases that stand for the proposition that video evidence should be believed over any testimony or statements to the contrary. (Doc. 77, ¶ 11). Plaintiff agrees with Lopez that videotape evidence of what occurred should be believed over any testimony contrary to what the video evidence shows. *Scott*, 550 U.S. at 379–81. However, Lopez did not admit or deny whether the video showed what was alleged in (Doc. 75, ¶ 11) and merely offered a general denial without citation to the record. Lopez merely asserted, without citation to the record, that undersigned averments in (Doc. 75, ¶ 11) were self-serving. (Doc. 77, ¶ 11). If Lopez truly believed that (Doc. 75, ¶ 11) was an incorrect statement of what occurred on the video, he could have specifically admitted or denied each subparagraph with citations to the video to demonstrate why (Doc. 75, ¶ 11) was incorrect. Instead, Lopez merely offered a blanket denial without support.

Since this Honorable Court's local rules provide that all material facts will be admitted unless controverted by the opposing parties statement and

Lopez's opposing statement did not comply with this Court's local rules or the Federal Rules of Civil Procedure, this Honorable Court should deem (Doc. 75, ¶ 11) admitted for the purposes of Plaintiff's Motion for Partial Summary Judgment.

### C. Lopez used Excessive Force against Plaintiff in Violation of Plaintiff's Fourteenth Amendment Rights.

In order to prove an excessive force claim under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015); *see also Hernandez-Tirado v. Lowe*, 2017 WL 3433690, at *12 (M.D. Pa. Aug. 10, 2017); *Nye v. Cumberland County*, 2016 WL 695109, at *3 (M.D. Pa. Feb. 19, 2016).

In (Doc. 81), Lopez asserted that his strike to Mr. Bennett's face was justified by "Plaintiff's resistance to verbal commands to stop moving forward toward Judge Plummer and the active aggression of Plaintiff by coming into Judge Plummer's immediate zone." (Doc. 81, pg. 5). Lopez cited to (Doc. 69, ¶¶ 37–48) to support this proposition. However, in those paragraphs, Lopez cites to no part of the record to support his assertion that Lopez gave verbal commands and Plaintiff refused to respond. *See* (Doc. 69, ¶¶ 37–48). Throughout (Doc. 81), Lopez argues that Plaintiff refused to obey his commands to not move closer to Judge Plummer and

then made an aggressive move towards Judge Plummer thereby justifying Lopez's use of force.

However, these assertions are contradicted by the video evidence. As the video shows, Lopez first reaches to put his left hand on Mr. Bennett's right arm when Mr. Bennett initially sat up in his chair. (Doc. 75, ¶ 11(xlv)). When this occurred, Mr. Bennett moved back in his chair. (Doc. 75, ¶¶ 11(xlv)–(xlvi)). Lopez then put his second hand on Mr. Bennett and Mr. Bennett moved even further back in his chair and away from Judge Plummer. (Doc. 75, ¶¶ 11(xlvii)–(l)). Mr. Bennett was fully back in his seat with his attention directed at Lopez when Lopez struck him in the face and then grabbed him by the neck. (Doc. 75, ¶¶ 11(l)–(li)). The video contradicts any assertion that Mr. Bennett refused to obey any commands to move back in his seat since he did move back in his seat. (Doc. 75, ¶¶ 11(xlvii)–(li)). Additionally, the video contradicts Lopez's narrative that Mr. Bennett made a move towards Judge Plummer since he was fully back in his seat with his attention focused on Lopez when Lopez attacked. (Doc. 75, ¶¶ 11(xlvii)–(li)).

Lopez also asserts that he tried to temper his use of force. (Doc. 81). However, this assertion is also defeated by the video. When Lopez grabbed Mr. Bennett around his neck, Mr. Bennett put his hands up in the

air to show that he was not a danger or threat to anyone. (Doc. 75, ¶¶ 11(lii)–(lvii)). Despite Mr. Bennett raising his hands and offering no resistance to Lopez, Lopez decided to pull even harder on Mr. Bennett's neck with his arm. (Doc. 75, ¶ 11(lvii)). Lopez used enough force that Mr. Bennett's chair lifted off the ground. (Doc. 75, ¶ 11(lix)). This increasing amount of force used by Lopez defeats Lopez's argument that he tried to temper the amount of force he used.

Furthermore, as described *supra*, Lopez admitted that his use of force against Mr. Bennett was in violation of Pennsylvania State Police standards governing the use of force. Therefore, this fact also negates much of Lopez's arguments.

Based on the foregoing, Plaintiff has established that Lopez used excessive force under the Fourteenth Amendment if Plaintiff is considered a pre-trial detainee and this Honorable Court should grant Plaintiff's Motion for Partial Summary Judgment.

### D. *Lopez Used Excessive Force in Violation of Plaintiff's Fourth Amendment Rights*

As part of his argument in opposition to Plaintiff's Motion for Partial Summary Judgment on the Fourth Amendment excessive force claims, Lopez directs the Court to (Doc. 72). However, it is impermissible to incorporate by reference any portion of any other brief under this Honorable

11

Court's local rules. L.R. 7.8(a). Therefore, the Court should disregard this attempted incorporation when considering Plaintiff's Motion for Partial Summary Judgment.

Lopez again argues in this section that Plaintiff was posing a danger to Judge Plummer and therefore, Lopez's use of force was justified. As described *supra*, the video contradicts any assertion that Plaintiff made a move towards Judge Plummer thereby justifying Lopez's use of force. (Doc. 75, ¶¶ 11(xlvii)–(li)). Additionally, the video contradicts any assertion that Plaintiff refused to obey commands to move back since Plaintiff moved back in his chair prior to Lopez's attack. (Doc. 75, ¶¶ 11(xlvii)–(li)).

Lopez also argues that the Court should rely on Judge Plummer's testimony to aid its analysis. (Doc. 81). Judge Plummer stated that he never felt that he was in danger or in any way threatened by Plaintiff's actions on May 12, 2017. (Doc. 75, ¶¶ 11, 13–17).[2] Judge Plummer's

---

[2] Lopez attempts to present a red herring to the Court by presenting Judge Plummer's opinions of the video after he watched it for the first time during his deposition. (Doc. 69, ¶¶ 41, 42). However, as stated in Plaintiff's response, Judge Plummer had no personal knowledge of these facts and this testimony would be inadmissible into evidence. (Doc. 86, ¶¶ 41, 42). Even if the Court did deem Judge Plummer to have personal knowledge of the video since he has seen it, it would still be impermissible lay opinion testimony. The Third Circuit has held that "lay opinion testimony is permitted under Rule 701 because it has the effect of describing something that the jurors could not otherwise experience for themselves. . . ." *United States v. Fulton*, 837 F.3d 281, 291 (3d Cir. 2016). "Importantly [Rule 701] is carefully designed to exclude lay opinion testimony that 'amounts to little more than choosing up sides, or that merely tells the jury what result to reach.'" *Id.* (quoting *United States v. Stadtmauer*, 620 F.3d 238, 262 (3d Cir. 2010)). In this case, the jury would be just as capable of watching the video as Judge Plummer

statement regarding not feeling threatened is also supported by the video evidence demonstrating that Judge Plummer never retreated from Mr. Bennett or raised his hands to defend himself. (Doc. 75, ¶¶ 11(lxvi)–(lxix)). Judge Plummer also stated that he specifically did not raise his hands because Mr. Bennett "was handcuffed." (Doc. 75, ¶ 15). Therefore, Judge Plummer's testimony demonstrates that Plaintiff was not a threat to him, Judge Plummer never retreated from the table in fear of Plaintiff, and he did not raise his hands to defend himself from Plaintiff because Plaintiff was handcuffed. Judge Plummer's testimony leads to the conclusion that Lopez used excessive force upon Mr. Bennett.

### E. Force Used by Lopez was not De Minimis

A plaintiff must show more than a *de minimis* use of force in order to establish an excessive force claim. *Page v. Doyle*, 2019 WL 1790467, at *3 (E.D.Pa. Apr. 24, 2019). However, the Third Circuit Court of Appeals has held that "'de minimis injuries do not necessarily establish de minimis force.'" *Id.* (quoting *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002)). The Third Circuit stated in *Smith* that

---

and drawing their own conclusions. Judge Plummer's testimony regarding what his opinion of the video is would amount to nothing more than choosing up sides and telling the jury what result to reach. Therefore, it would be inadmissible into evidence and cannot be used to support or oppose a motion for summary judgment.

> We do not, of course, suggest that a fact finder could not consider the *de minimis* nature of injuries along with all of the other circumstances in concluding that the force that was employed could not have risen to the level required for an Eighth Amendment violation. A properly instructed fact finder could, after considering all of the evidence, conclude that Smith's injuries were so minor that the defendants' account of the incident is more credible than Smith's, and/or that the force used was not of constitutional dimension. That may have been exactly what the district court did here. However, that is an issue of fact to be resolved by the fact finder based upon the totality of the evidence; it is not an issue of law a court can decide

*Smith*, 293 F.3d at 648–49. Although *Smith* is a case of Eighth Amendment Excessive force, its "'reasoning is equally applicable in the Fourth Amendment excessive force context since the Eighth Amendment standard is more onerous.'" *Mounshar v. City of Philadelphia*, 2016 WL 3997057, at *5–6 (E.D.Pa. July 26, 2016) (quoting *Velius v. Twp. Of Hamilton*, 754 F.Supp. 2d 689, 693 (D.N.J. 2010)). "[T]he mere absence of tangible injury does not warrant summary judgment on [an excessive force claim]." *Id.* Further, the Supreme Court has held that a plaintiff can prove an Eighth Amendment excessive force claim without proving serious injury. *Smith*, 293 F.3d at 648 (citing *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)). Therefore, if a claim of excessive force under the Eighth Amendment can be proven without serious injury, a case under the Fourth or Fourteenth

14

Amendment certainly can be proven without serious injury." *See Mounshar*, 2016 WL 3997057, at *5–6.

As shown above, the Third Circuit has held that the issue of whether use of force was *de minimis* is an issue of fact that must be resolved by the fact finder. *Smith*, 293 F.3d at 648–49. Therefore, summary judgment would be inappropriate on this basis. However, as described *supra* and in (Doc. 76), Lopez used excessive force against Plaintiff.

Additionally, the record in this case shows that Mr. Bennett sustained injuries as a result of Lopez's use of excessive force. Mr. Bennett complained of left facial pain in his cheek from his left cheekbone to his left eye socket and a headache while at Tyler Memorial Hospital. (Doc. 75 ¶ 20). Plaintiff also received a diagnosis of a facial contusion and abrasion and was hyperventilating. (Doc. 75, ¶ 21). While undersigned would concede that these injuries do not consist of broken bones or loss of limb, they still weigh in favor of a finding of an unreasonable use of force since no force was called for under the circumstances. (Doc. 75, ¶ 11).

The video also demonstrates that Lopez used more than a *de minimis* amount of force. First, Lopez struck Mr. Bennett across the face. Plaintiff's (Doc. 75, ¶ 11(li)). Then, Lopez grabbed Mr. Bennett around his

neck and pulled with enough force to lift Mr. Bennett's chair off of the ground. (Doc. 75, ¶ 11(lii)–(lix)). This use of force was not *de minimis*.

In *Bensinger*, the Eastern District granted a defendant's motion for summary judgment by holding that no excessive force was used. *Bensinger v. Mullen*, 2000 WL 1100781, at *2 (E.D.Pa. Aug. 4, 2000). In doing so, the Court held that it was undisputed that the plaintiff "was wielding a large knife and arguing with his girl friend [sic]" when police arrived. *Id.* The plaintiff also admitted that his injuries did not even consist of minor scratches. *Id.* Therefore, the court could not lend credence to the plaintiff's assertion that he was severely beaten. *Id.*

In this case, Mr. Bennett has produced a video showing the assault carried out by Lopez. (Doc. 75, Exhibit 1). Therefore, unlike the plaintiff in *Bensinger*, Mr. Bennett has produced evidence that excessive force was used. Additionally, unlike the plaintiff in *Bensinger*, Mr. Bennett was not in possession of a weapon or a danger to anyone. Therefore, the force used by Lopez was unreasonable.

### F. Lopez did not Provide Argument for to Support his Reasoning that Plaintiff is not Entitled to Summary Judgment on Count III of the Amended Complaint

Lopez did not cite to any caselaw or develop an argument in (Doc. 81) to support his assertion that Plaintiff is not entitled to Summary

Judgment on Count III of the Amended Complaint (Doc. 15). Therefore, Plaintiff would rest on his arguments in (Doc. 76) and ask this Honorable Court to enter summary judgment in his favor on Count III of the Amended Complaint (Doc. 15).

### G. Lopez is not Entitled to Qualified Immunity

The Supreme Court has articulated a two-part test to determine if a government official is entitled to qualified immunity. *Curley v. Klem*, 499 F.3d 199, 206 (3d Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). First, the Court must analyze whether the officer's conduct violated a constitutional right. *Id.* If the Court finds a violation of a constitutional right, the Court must decide whether that constitutional right was clearly established. *Id.* at 207. Prior to concluding that a clearly established right exists, "'the court must define the right allegedly violated at the appropriate level of specificity.'" *Sarrano v. City of Scranton*, 2019 WL 450573, at *8 (M.D. Pa. Feb. 5, 2019) (quoting *Williams v. Bitner*, 455 F.3d 186, 191 (3d Cir. 2006)). "This does not 'require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). "A defendant has the burden to establish that he is entitled to qualified

immunity." *Geist v. Ammary*, 40 F.Supp.3d 467, 483 (E.D. Pa. 2014) (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 142 n.15 (3d Cir. 2001)).

Any argument that Lopez is entitled to qualified immunity is defeated by the record. As described in (Doc. 76) and in a more limited fashion *supra*, a constitutional violation occurred in this case. Therefore, the Court must move to the second prong of the qualified immunity test. In this case, it would have been clear to a reasonable officer that striking Mr. Bennett in the face and then placing him in a headlock was unlawful since Mr. Bennett was unarmed, handcuffed, not actively resisting, and was not a danger to anyone in the courtroom.

As the video shows, Lopez first reaches to put his left hand on Mr. Bennett's right arm when Mr. Bennett initially sat up in his chair. (Doc. 75, ¶ 11(xlv)). When this occurred, Mr. Bennett moved back in his chair. (Doc. 75, ¶¶ 11(xlv)–(xlvi)). Lopez then put his second hand on Mr. Bennett and Mr. Bennett moved even further back in his chair and away from Judge Plummer. (Doc. 75, ¶¶ 11(xlvii)–(l)). Mr. Bennett was fully back in his seat with his attention directed at Lopez, and not Judge Plummer, when Lopez struck him in the face and then grabbed Mr. Bennett by his neck. (Doc. 75, ¶¶ 11(l)–(li)). Additionally, when Mr. Bennett was grabbed by his neck, he raised his hands to show he wasn't a threat, but Lopez continued his

assault anyway. (Doc. 75, ¶¶ 11(lii)–(lvii)). This demonstrates that Mr. Bennett was not resisting or a threat to anyone. Since a reasonable officer would know that using force against a civilian that is not resisting or a threat is unlawful, Lopez is not entitled to qualified immunity.

As previously described, Judge Plummer's reaction on the video and testimony also shows Plaintiff was not a danger to him or resisting. Additionally, Lopez admitted all of the requests for admissions that were propounded upon him by operation of law. These admissions defeat any qualified immunity defense that Lopez could theoretically offer. Therefore, Lopez's qualified immunity defense must fail.

The case law also demonstrates that it is unlawful for the police to use force against a citizen that is not resisting or a threat to others. *See e.g., Gulley v. Elizabeth City Police Dept.*, 340 Fed.Appx. 108, 110 (3d Cir. 2009) (finding that qualified immunity was properly denied when a suspect who was not resisting arrest was struck on the face and head). The Middle District of Pennsylvania has held that "the Fourth Amendment right . . . to be free from excessive force by police officers during an arrest was clearly established on July 12, 2017, and the contours of this right were sufficiently clear that a reasonable officer would understand that if a person was not resisting and posed no threat to anyone's safety . . . then punching the

person in the face twice violated that right." *Sarrano*, 2019 WL 450573, at

*8. Therefore, it was clearly established that an officer could not strike Mr.

Bennett in the face and then restrain him by his neck when Mr. Bennett

was not resisting and was not a danger to anyone in the courtroom.

Based on the foregoing, Lopez is not entitled to qualified immunity.

## IV.   <u>Conclusion</u>

Based on the foregoing, Plaintiff respectfully requests that this

Honorable Court grant his Motion for Partial Summary Judgment.

Respectfully Submitted,

<u>s/ Leonard Gryskewicz, Jr.</u>
Leonard Gryskewicz, Jr.
Attorney for Plaintiff
PA321467
Lampman Law
2 Public Sq.
Wilkes-Barre, PA 18701
Phone: (570) 371-3737
Fax: (570) 371-3838
Email: lenny@lampmanlaw.com

## WORD COUNT CERTIFICATION OF COUNSEL

I, Leonard Gryskewicz, Jr., counsel for Plaintiff, hereby certify, pursuant to Local Rule 7.8, that the number of words in this Brief is 4,749, including footnotes but excluding the table of contents and authorities.

Respectfully Submitted,

*s/ Leonard Gryskewicz, Jr.*
Leonard Gryskewicz, Jr.
Attorney for Plaintiff
PA321467
Lampman Law
2 Public Sq.
Wilkes-Barre, PA 18701
Phone: (570) 371-3737
Fax: (570) 371-3838