THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN J. BENNETT, | : |
| Plaintiff, | : |
| v. | : 3:17-CV-2031 |
| | : (JUDGE MARIANI) |
| TROOPER JAIME LOPEZ, et al., | : |
| Defendants. | : |

## ORDER

**AND NOW**, THIS 5th DAY OF AUGUST, 2021, District Court Judge John E. Jones having scheduled trial in the above-captioned action to commence on November 8, 2021 (Doc. 122), and the action having been re-assigned to the undersigned, **IT IS HEREBY ORDERED THAT:**

1. The Court's Order of March 18, 2021, scheduling trial in this matter (Doc. 122) is **VACATED**.

2. A jury trial will commence in this matter on **Monday, February 28, 2022, at 9:30 a.m.** at the William J. Nealon Federal Building, Scranton, Pa. in a courtroom to be designated by the Clerk of Court. Counsel can obtain information on courtroom assignments by contacting the Clerk's office the Friday before the scheduled appearance.

3. The final pretrial conference in this matter will be held on **Friday, February 18, 2022, at 12:00 p.m.** Counsel for both Plaintiff and Defendants shall attend the

conference in person and have full authority to effectuate a complete settlement pursuant to M.D. Pa. Local Rule 16.2(b). The purpose of the pretrial conference is to address issues pertaining to jury selection, evidentiary and substantive issues reasonably likely to arise during the course of trial, scheduling of witnesses, and other matters relating to the conduct of the trial. A Court Reporter shall be present for the pretrial conference.

4. At least **thirty (30) calendar days** prior to the trial, counsel shall confer for the purpose of attempting to enter into agreements with respect to the subjects referred to in FED. R. CIV. P. 16 and to discuss settlement of the action. It shall be the duty of counsel for the plaintiffs to take the initiative in holding such a conference and initiating discussion concerning settlement and to report to the court at the final pretrial conference the results of efforts to arrive at settlement.

   a. At the conference, lists of potential witnesses shall be exchanged, which shall include the name, address, and telephone number of each witness, separately identifying those the party expects to present and those it may call if the need arises, as well as the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition.

   b. At the conference, all exhibits which any party intends to introduce at trial whether on the case in chief or in rebuttal shall be examined, numbered

and listed. Only exhibits so listed shall be offered in evidence at the trial, except for good cause shown. Counsel shall attempt in good faith to agree as to the authenticity and admissibility of such exhibits insofar as possible and note an objection to any not so agreed upon.

   c. Counsel shall attempt in good faith to agree insofar as possible upon a comprehensive written statement of all undisputed facts, which statement shall be included in Plaintiff's pretrial memorandum.

5. In accordance with M.D. Pa. Local Rule 16.6, counsel shall file a pretrial memorandum **five (5) business days** before the final pretrial conference.

6. Motions in limine <u>with supporting briefs</u> shall be filed on or before the **forty-fifth (45th) day** before trial. No party, without leave of Court for compelling reasons shown, shall file more than five (5) motions in limine, including subparts. If a party chooses to file one or more motions in limine, each motion shall be narrowly tailored, address a single evidentiary issue, and be filed separately. No omnibus motions will be considered by the Court.

7. Trial briefs shall be submitted **five (5) business days** before trial and shall conform to the requirements of M.D. Pa. Local Rule 39.7.

8. With respect to requests to instruct the jury and the requested verdict form, the following procedure shall be followed:

a. Within **fourteen (14) calendar days** before trial, counsel shall meet and prepare a joint statement of the law that they agree is applicable to the matters at trial, in the form of instructions to the jury. Counsel shall likewise prepare a proposed verdict form that incorporates their proposed jury instructions in a manner that facilitates the jury's determinations of all relevant issues of fact consistent with the proposed instructions.

b. In all cases, parties shall follow the Model Civil Jury Instructions for District Courts of the Third Circuit. In cases where the Third Circuit has not promulgated instructions, the parties may base their instructions upon the most recent edition of (1) LEONARD SAND, JOHN SIFFERT, WALTER LOUGHLIN, STEVEN REISS & NANCY BATTERMAN, MODERN FEDERAL JURY INSTRUCTIONS, (2) KEVIN O'MALLEY, JAY GRENIG & WILLIAM LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS, and/or (3) jury instructions for the Commonwealth of Pennsylvania, in such areas where Pennsylvania law applies.

c. Only when the publications listed in section 8(b), above, do not provide sufficient guidance to the law at issue may the instructions of other Circuit courts and/or relevant case law be used.

d. The aforementioned requests to instruct the jury and proposed verdict form shall be submitted no later than **seven (7) business days** before trial and shall conform to the requirements of M.D. Pa. Local Rule 51.1.

9. Counsel shall confer and submit to this Court a joint statement of the case which shall be read to the prospective jurors during the Court's preliminary instructions at trial. The joint statement shall consist of a brief summary of the case, **not to exceed three sentences**, and must be agreed upon by the parties. This statement shall be submitted to the Court no later than **seven (7) business days** before trial.

10. Voir dire questions shall be submitted **seven (7) business days** before trial.

11. In accordance with the Local Rules, counsel are to pre-mark all exhibits, including any type of demonstrative or photographic evidence, to be introduced at trial. Each party offering written and/or photographic exhibits must provide the Court with two (2) copies of those exhibits in a loose-leaf binder. In addition, each party must provide the Court with one (1) electronic copy of all exhibits for use in connection with the Jury Evidence Recording System on either a CD, DVD, or USB drive.[1]

12. If a settlement has been agreed upon after 5:00 p.m. on the last business day or the weekend preceding the commencement of trial, counsel should notify the Courtroom Deputy, Judith Malave, at judith_malave@pamd.uscourts.gov, and thereafter file a letter with the Court on CM-ECF.

---

[1] The United States District Court for the Middle District of Pennsylvania uses the Jury Evidence Recording System ("JERS") for the presentation of exhibits to the jury during deliberation. More information about the JERS system can be found on the Court's website under the Programs & Services tab, at https://www.pamd.uscourts.gov/jers. Electronic exhibits are to be provided using "B. File Naming Method", and are to be provided on a CD, DVD or USB drive. Any questions concerning electronic exhibits should be directed to the Courtroom Deputy, Judith Malave, at judith_malave@pamd.uscourts.gov.

13. Unless otherwise ordered by the Court, the following trial schedule will be maintained: Each morning session will commence at 9:30 a.m. and end at 12:30 p.m. Each afternoon session will commence at 1:30 p.m. and end at 5:30 p.m.

14. Any request to have the jury polled must be made before the Court enters judgment and excuses the jury.

_____
Robert D. Mariani
United States District Judge